UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FREDRICA BALLARD, et al, ) | Case No. 2:13-cv-00130-APG-NJK |
| Plaintiffs, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | IFP Applications - Dkt. # 18, 19, 20 |
| LAS VEGAS METROPOLITAN POLICE, et al, ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff William H. Ballard's renewed Application to Proceed *In Forma Pauperis* (Dkt. # 18) filed August 8, 2013; Plaintiff Daniel D. Ballard's renewed Application to Proceed *In Forma Pauperis* (Dkt. # 19) filed August 8, 2013; and Plaintiff Fredrica C. Ballard's renewed Application to Proceed *In Forma Pauperis* (Dkt. # 20) filed August 8, 2013.[1] Plaintiffs have requested authority, pursuant to 28 U.S.C. § 1915, to proceed *in forma pauperis,* and submitted a Complaint (Dkt. #1-1) and an Amended Complaint (Dkt. #7).[2] This proceeding was referred to this Court by Local Rule IB 1-9. For the reasons discussed below, the Court hereby **RECOMMENDS** that those applications be **DENIED** and that Plaintiffs' claims be dismissed unless they pay the $350 filing fee.

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in

---

[1] Plaintiff Frederica Ballard had previously filed a motion to appear as guardian *ad litem* on behalf of two other children who are minors, along with applications for those children to appear *in forma pauperis*. *See* Docket Nos. 13, 14, 15. The Court denied the motion to appear as guardian *ad litem* and denied the applications to proceed *in forma pauperis*. Docket Nos. 16, 17.

[2] Plaintiff Fredrica Ballard signed and verified the Complaint. Dkt. #1-1. The Amended Complaint is signed and verified by Plaintiffs Fredrica, William and Daniel Ballard. Dkt. #7.

federal district court.[3] The court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

On July 11, 2013, the Court denied Plaintiffs' applications to proceed *in forma pauperis* as incomplete. *See* Docket No. 17. In particular, the Court noted that the Complaint and Amended Complaint made clear that Plaintiffs possess marijuana,[4] but that marijuana was not accounted for as an asset on their applications to proceed *in forma pauperis*. *Id.* at 1-2. The Court specifically advised Plaintiffs that should they want to proceed in this case *in forma pauperis*:

> they must disclose that marijuana, and a value for it, on their Applications to Proceed *In Forma Pauperis*. The Plaintiffs must also disclose any equipment used to grow marijuana that they possess (*e.g.*, lighting) and the value of that equipment.

*Id.* at 2.[5] The Court ruled that to proceed in this case, Plaintiffs must either submit properly completed applications or pay the $350 filing fee. *Id.* The Court expressly warned Plaintiffs that their failure to comply with the Court's order would result in a recommendation that their claims be dismissed. *Id.*

Plaintiffs did not pay the filing fee and, instead, renewed their applications to proceed *in forma pauperis*. Dkt. #18-20. In determining whether to grant an application to proceed *in forma pauperis*, the Court may "look beyond the application to determine the financial condition" of the applicants. *DeCosta v. Hawaii*, 2010 WL 5390130, * 1 n1. (D. Haw. Dec. 20, 2010) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.3 (11th Cir. 2004)). The renewed applications show a general inability to pay the filing fee based on the assets listed, but they fail to account for the marijuana and/or equipment to grow

---

[3] For lawsuits filed after May 1, 2013, the filing fee was raised to $400 in light of an additional $50 administrative fee being required.

[4] In particular, Plaintiffs allege that they were previously growing 61 marijuana plants inside their residence. Dkt. # 1-1, at ¶ 26; Dkt. # 7, at ¶ 26. Moreover, Plaintiffs appear to allege that they continue to possess marijuana, as a total of five medical marijuana cards exist for the people living in their residence and "Plaintiffs is [sic] a law-abiding legal cannibal [sic] patient." Dkt. # 1-1, at ¶ 26, 28; Dkt. # 7, at ¶¶ 26, 31.

[5] The Court also put Plaintiffs on notice that the manufacture, distribution, and/or possession of marijuana remains a crime under federal law regardless of any State medical marijuana laws, that Nevada law imposes limits on the number of plants that a person may possess, deliver or produce, and that Plaintiffs should consult an attorney before filing anything further in this case. *Id.* at 2.

marijuana evidenced by their allegations in the Complaint and Amended Complaint. As discussed previously, Plaintiffs allege that they have in the past grown significant quantities of marijuana in their home and that they still at the very least possess marijuana. Nonetheless, Plaintiffs continue to refuse to list on their applications as assets their marijuana and any equipment to grow it. Nor do Plaintiffs indicate that they do not actually possess marijuana or equipment to grow it. As such, the Court is unable to find that they qualify for *in forma pauperis* status. As the Court warned previously, it will therefore recommend dismissal of Plaintiffs' claims unless they pay the filing fee.[6]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Plaintiffs' Applications to Proceed *In Forma Pauperis* (#18-20) be **DENIED** and that Plaintiffs' claims be dismissed unless they pay the filing fee of $350.00 within thirty days from the date that an Order denying Plaintiffs' Applications is entered.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: October 18, 2013

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[6] Having concluded that Plaintiffs are not entitled at this time to proceed *in forma pauperis*, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of the case at any time if the Court determines that it is frivolous or malicious or fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.