**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDRICA BALLARD, et al, ) | |
| ) | Case No. 2:13-cv-00130-APG-NJK |
| Plaintiffs, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| ) | |
| LAS VEGAS METROPOLITAN POLICE, et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the order for Plaintiffs to show cause why the undersigned should not recommend dismissal of their claims. *See* Docket No. 56. Plaintiffs failed to respond to that order. The Court then set a hearing on the order to show cause. *See* Docket No. 59. Plaintiffs failed to appear at the hearing. *See* Docket No. 62. For the reasons discussed below, the Court hereby **RECOMMENDS** that Plaintiffs' claims be dismissed with prejudice.

On October 3, 2014, the Court issued an order requiring Plaintiffs to file a notice with the Court clearly stating their current address. *See* Docket No. 50. That order was prompted by the Court's receipt of numerous pieces of mail returned as undeliverable. *See id.* at 1. Moreover, while it appeared that Plaintiffs provided a new address on their amended complaint, the Court ordered the filing of a proper notice of changed address to make clear which address was Plaintiffs' actual, current mailing address. *See id.* The Court ordered that such a notice be filed no later than October 17, 2014. *See id.* The Court warned that the failure to comply with that order would result in the issuance of an order to show cause why

sanctions should not be imposed, up to and including case-dispositive sanctions. *See id.* at 1-2. Plaintiffs failed to comply with that order.[1]

On October 20, 2014, the Court then issued an order for Plaintiffs to show cause in writing, no later than November 3, 2014, why case dispositive sanctions should not be imposed for their failure to comply with the Court's order and to update their address as required by the Local Rules. *See* Docket No. 56. The Court expressly warned that "[t]he failure to respond to this order to show cause will result in a recommendation that Plaintiffs' claims be dismissed with prejudice." *Id.* Despite that warning, Plaintiffs failed to comply with that order.

In an effort to give Plaintiffs one final opportunity to respond, the Court then set a hearing on the order to show cause for November 13, 2014. Docket No. 59. The Court noted that despite its previous warnings of dismissal, Plaintiffs continued to fail to comply with the Court's orders and Local Rules. *See id.* at 1. The Court also noted that Plaintiffs failed to respond to important motions, including motions to dismiss, and that it appeared that they had chosen to abandon this case. *See id.* at 1 & n.1. The Court expressly ordered Plaintiffs to attend the hearing in person and (once again) warned that the failure to do so would result in a recommendation that this case be dismissed with prejudice. *See id.* at 2. The Court called the hearing as scheduled and, despite providing an extra 15 minutes, Plaintiffs failed to appear. *See* Docket No. 62.

In light of the above, the Court finds that the imposition of sanctions is appropriate. The Court has broad discretion in fashioning the appropriate sanctions for violating a Court order. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993). The Court may award any "just" sanctions under Federal Rule of Civil Procedure 16(f) for violating Court orders.[2] In determining the appropriate sanction, the Court notes that a primary objective of Rule 16(f) is the deterrence of conduct that

---

[1] Plaintiffs know how to file a notice of an address change, as they have done so previously in this case. *See* Docket No. 28.

[2] Violating the Local Rules may also result in the Court imposing "any and all appropriate" sanctions. Local Rule IA 4-1. In addition, the Local Rules expressly provide that a plaintiff's failure to "immediately file with the Court notification of any address change . . . may result in dismissal of the action with prejudice." Local Special Rule 2-2.

unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999).

The willful failure of Plaintiffs to comply with the Court's orders and the Local Rules is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiffs have wilfully refused to comply with multiple Court orders and the Local Rules, despite numerous warnings that doing so could result in case-dispositive sanctions. In short, it appears that Plaintiffs have decided to abandon this case. Accordingly, **IT IS RECOMMENDED** that Plaintiffs' claims be dismissed with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated: November 17, 2014

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE