UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FREDRICA C. BALLARD, et al, | Case No. 2:13-cv-00130-APG-NJK |
| Plaintiffs, | |
| v. | ORDER |
| | (Dkt.## 42, 44, 48, 63) |
| LAS VEGAS METROPOLITAN POLICE DEPARMENT, et al, | |
| Defendants. | |

I.   BACKGROUND

*Pro Se* plaintiffs Fredrica C. Ballard, William H. Ballard, and Daniel D. Ballard initiated this action on January 23, 2013. Plaintiffs filed an Amended Complaint on May 22, 2014 alleging claims for: (1) deprivation of First Amendment right to free association; (2) deprivation of Fifth Amendment right to due process; (3) deprivation of Fourteenth Amendment right to equal protection; (4) negligence; and (5) negligent infliction of emotional distress.[1]

The Amended Complaint alleges the following facts. On January 23, 2011, the Las Vegas Metropolitan Police Department ("Metro") responded to plaintiffs' home for a domestic disturbance. William Ballard told the responding officers that plaintiffs were legally growing marijuana inside the home. The officers then entered plaintiffs' home without consent. As a result of the incident, the Department of Family Services took custody of Fredrica Ballard's minor children. News organizations reported an allegedly fabricated story of the incident. Finally, plaintiffs contend they have since been harassed and targeted by Metro.

Beginning in May 2014, the Court received back as "undeliverable" mail it sent to plaintiffs. In response, on October 3, 2014, Magistrate Judge Koppe issued an order requiring plaintiffs to file a notice listing their address.[2] Plaintiffs did not respond. On October 20, 2014,

---

[1] (Dkt. #31.)
[2] (Dkt. #50.)

Judge Koppe ordered plaintiffs to show cause why sanctions should not be imposed for failure to comply with the her order.[3] Plaintiffs again did not respond. Judge Koppe scheduled a hearing on the order to show cause for November 13, 2014.[4] Plaintiffs failed to appear. Judge Koppe issued a Report &Recommendation recommending that the case be dismissed due to plaintiffs' failure to comply with her orders and the Local Rules.[5] Objections to the Report &Recommendation were due on December 1, 2014, and none was filed by that date. However, on December 15, 2014, plaintiff Fredrica Ballard filed an Objection to the Report &Recommendation.[6] Ms. Ballard explained that it was difficult for her to check the case status because she unsuccessfully attempted to change her address in June, she was incarcerated from June through August and September through October, and she was hospitalized.[7]

In addition, motions to dismiss have been filed by defendants Nevada Parole and Probation;[8] Clark County Department of Family Services;[9] and Las Vegas Review Journal, Channel 8 News Now, and Channel 13 KTNV ABC ("Media Defendants").[10]

## II.   DISCUSSION

### A. Report and Recommendation (Dkt. #63)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[11] When a party files specific written objections to the findings or recommendations made by the magistrate judge, the district judge is required to "made a *de novo* determination of those portions of the [report and recommendation] to which

---

[3] (Dkt. #56.)
[4] (Dkt. #59.)
[5] (Dkt. #63.)
[6] (Dkt. #65.)
[7] (Dkt. ##64, 65.)
[8] (Dkt. #42.)
[9] (Dkt. #44.)
[10] (Dkt. #48.)
[11] 28 U.S.C. § 636(b)(1).

objection is made."[12]  Here, although untimely, plaintiff Fredrica Ballard filed an objection to the Report & Recommendation explaining that plaintiffs did not intend to disrupt the Court, but that she was unable to check the case status.[13]  Plaintiffs' reasons for not complying with the Court's Orders are not entirely frivolous and there is no evidence that any defendant was prejudiced.[14]  Plaintiffs also provided a current address.[15]  I will therefore reject the Report & Recommendation and give plaintiffs one further opportunity to proceed.  However, plaintiffs are cautioned that *pro se* litigants must comply with the Federal Rules of Civil Procedure, the Local Rules, and all orders of the court.  Any future failure by plaintiffs to comply with the Rules or a court order will likely result in dismissal of the case.

**B. Motions to Dismiss**

    **1. Legal Standard**

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[16]  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[17]  "Factual allegations must be enough to rise above the speculative level."[18]  Thus, to survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[19]

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss.  First, the court must accept as true all well-pleaded factual

---

[12] 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(b).

[13] See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* documents are liberally construed).

[14] See *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir. 1980) (explaining when plaintiff gives an excuse that is "anything but frivolous" the burden shifts to defendant to show prejudice).

[15] (Dkt. #64.)

[16] Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[18] *Twombly*, 550 U.S. at 555.

[19] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).

allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[20]  Legal conclusions, however, are not entitled to the assumption of truth even if cast in the form of factual allegations.[21]  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[22]  Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[23]  A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[24]  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."[25]  When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[26]

    2. **Nevada Parole and Probation's and Clark County Department of Family Service's Motions to Dismiss (Dkt. ##42, 44)**

Plaintiffs did not file points and authorities in response to either Nevada Parole and Probation's or the Clark County Department of Family Services' ("DFS") motions to dismiss as required by Local Rule 7-2(d).  As plaintiffs have failed to file oppositions, they are deemed to have consented to granting the motions and they are therefore granted pursuant to Local Rule 7-2(d).

I also grant the motions on the merits because both of these defendants are entitled to immunity from suit.  Pursuant to Federal Rule of Civil Procedure 17(b), these defendants' capacity to be sued in federal court is determined by Nevada law.[27]  Under Nevada law, "[i]n the

---

[20] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).
[21] *Iqbal*, 556 U.S. at 678-79.
[22] *Id.* 678.
[23] *Id.* at 679.
[24] *Id.* at 663.
[25] *Id.* at 679 (internal quotation marks and citation omitted).
[26] *Twombly*, 550 U.S. at 570.
[27] *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604 (9th Cir. 1986).

absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued" because Nevada has not waived immunity from liability on behalf of its departments or political subdivisions.[28] DFS is a department of Clark County, which is a Nevada political subdivision.[29] Thus, Plaintiffs cannot maintain a lawsuit against DFS.

Further, under the Eleventh Amendment, absent unequivocal consent by the state or a valid congressional override, states and their agencies are immune from actions in law or equity brought in federal court.[30] Nevada has not waived its Eleventh Amendment immunity.[31] Thus, Nevada's retention of Eleventh Amendment immunity bars actions against Nevada and its agencies in federal court, including those brought by Nevada residents.[32] Defendant Parole and Probation is a division within the Department of Public Safety, which is a Nevada state agency.[33] Thus, plaintiffs cannot maintain a lawsuit against Parole and Probation.

Accordingly, these defects cannot be cured by amendment. Thus, I grant with prejudice both Nevada Parole and Probation's and Clark County Department of Family Service's motions to dismiss.

**3. Media Defendants' Motion to Dismiss (Dkt.# 48)**

Plaintiffs did not file points and authorities in response to the Media Defendants' motion to dismiss. Thus, they are deemed to have consented to grating the motion and it is therefore granted pursuant to Local Rule 7-2(d).

---

[28] *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev. 1996) (internal quotation marks and citation omitted); Nev.Rev.Stat. §41.031.

[29] *Charles v. Ochs*, No. 2:07-cv-1212-RLH-GWF, 2008 WL 846029, at *2 (D. Nev. Mar. 28, 2008) (citation omitted) (holding DFS is immune from suit because it is a department of a political subdivision).

[30] *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010); U.S. Const. amend. XI.

[31] Nev.Rev.Stat. §41.031(3).

[32] *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 916-17 (9th Cir. 2003) (citations omitted).

[33] *See* Nev.Rev.Stat. §480.100 (creating Department of Public Safety as state agency); Nev.Rev.Stat. §480.130 (establishing a Division of Parole and Probation within Department of Public Safety).

I also grant the motion on the merits. Plaintiffs' first three claims—deprivation of First Amendment right to free association, deprivation of Fifth Amendment due process, and deprivation of Fourteenth Amendment equal protection—are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, "a plaintiff must allege facts which show a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law."[34] A private party is generally not considered to be acting under the color of state law.[35] However "[a]ction taken by a private individual may be under color of state law where there is significant state involvement in the action."[36]

The Media Defendants are private parties. Other than making a bald assertion that all defendants "act[ed] under color of law of the State of Nevada," plaintiffs have not alleged any facts to show that there was significant state involvement in the Media Defendants' reporting of stories relating to the incident. Rather, plaintiffs allege that the Media Defendants "fabricated [the stories] to their liking."[37] Thus, as plaintiffs have not sufficiently alleged civil rights violations under § 1983, I will dismiss those claims.

The remaining claims against the Media Defendants are based on state law and allege that the Media Defendants fabricated and published false stories about plaintiffs. Those claims do not arise from the same operative facts as the remaining claims against Metro, which allege that Metro deprived plaintiffs of their constitutional rights. There is no evidence that Metro influenced or controlled the Media Defendants' conduct. I have dismissed the claims against the Media Defendants over which I have original jurisdiction. I decline to exercise supplemental jurisdiction over the state-law claims against the Media Defendants for negligence and negligent

---

[34] *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (citation omitted).
[35] *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).
[36] *Lopez*, 939 F.2d at 883 (internal quotation marks and citation omitted).
[37] (Dkt. #31 at ¶¶ 28-29.)

infliction of emotional distress.[38]  Accordingly, I grant the Media Defendants' motion to dismiss.[39]

### III.     CONCLUSION

IT IS THEREFORE ORDERED that the Report and Recommendation (Dkt. #63) is REJECTED.

IT IS FURTHER ORDERED that Nevada Parole and Probation's motion to dismiss (Dkt. #42) is GRANTED.

IT IS FURTHER ORDERED that Clark County Department of Family Service's motion to dismiss (Dkt. #44) is GRANTED.

IT IS FURTHER ORDERED that Las Vegas Review Journal's, Channel 8 News Now's, and Channel 13 KTNV ABC's motion to dismiss (Dkt. #48) is GRANTED.

DATED THIS 18th day of May 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[38] *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2011) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'") (quoting 28 U.S.C. § 1367(c)(3)).

[39] *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).